**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES O'NEILL,           )  |  |
|     Petitioner,   )  |  |
|                          )  |  |
| v.                       )  | **CIVIL ACTION** |
|                          )  | **NO. 12-cv-40161-TSH** |
| CHRISTINE VERDINI,       )  |  |
|     Respondent.[1]  )  |  |
|                          )  |  |

**REPORT AND RECOMMENDATION REGARDING**
**RESPONDENT'S MOTION TO DISMISS**

**November 5, 2013**

Hennessy, M.J.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and an Order referring the Respondent's Motion to Dismiss to me (Docket #30), I make the following report and recommendation.

**BACKGROUND**

Petitioner O'Neill was convicted in Massachusetts Superior Court in 2006 of second degree murder and was sentenced to life imprisonment, with the possibility of parole after fifteen years. After the Massachusetts Appeals Court ("MAC") affirmed his conviction, the Supreme Judicial Court of Massachusetts ("SJC") on December 1, 2011 also affirmed. Approximately one year later, O'Neill filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. O'Neill's petition raises the following three claims: (1) whether the trial court erred in allowing the

---

[1] O'Neill named Christine Verdini as the respondent in this matter; but Thomas Dickahut is the Superintendent of the North Central Correctional Institution where O'Neill is confined, and should have been named the respondent in this action. Mayne v. Hall, 122 F. Supp. 2d 86, 87 n.1 (D. Mass. 2000).

introduction of an email from the victim to a third party (not O'Neill) in violation of state evidentiary rules concerning hearsay and the state and federal constitutional rights to confrontation; (2) whether the trial court erred in rejecting the claim that the prosecutor's closing argument was improper in violation of federal constitutional amendments; and, (3) whether the trial court erred in refusing to instruct the jury regarding voluntary manslaughter and in denying O'Neill's motion to set aside the jury verdict.  See Docket #1.

In the motion to dismiss the petition, Respondent contends that O'Neill's habeas petition contains both exhausted and unexhausted claims and should be dismissed.[2]  See Docket #30. Specifically, Respondent argues that O'Neill failed to present to the SJC his claim that the Superior Court improperly failed to charge the jury on voluntary manslaughter; thus, this claim was not exhausted in state court.  Despite being granted several extensions of time to file a response to the motion to dismiss, and explicit warnings in my September 17, 2013 interim order (see Docket #47, hereinafter "Interim Order") to cure the failure to exhaust (and a separate defect of failing to sign his petition), O'Neill has failed to comply with the Interim Order and cure the defects in his Petition.  For the following reasons, I recommend that his habeas petition be dismissed in its entirety.

## DISCUSSION

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has first exhausted state court remedies for all claims raised in his petition.  28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the

---

[2]  Respondent also argues that dismissal is warranted by O'Neill's failure to sign his petition.  I agree and address this argument in the Discussion section of this report and recommendation.

State."); Rose v. Lundy, 455 U.S. 509, 518 (1982).  The Court's "interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken each one to state court."  Rose v. Lundy, 455 U.S. at 520.

Here, Respondent contends, and I agree, that O'Neill's petition is mixed.  In his appeal to the Massachusetts Appeals Court, O'Neill raised the following three issues:  (1) whether the trial court erred in allowing the introduction of email from the victim to a third party (not the petitioner) in violation of state evidentiary rules concerning hearsay and the state and federal constitutional rights to confrontation; (2) whether the trial court erred in rejecting the claim that the prosecutor's closing argument was improper in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and (3) whether the trial court erred in deciding not to instruct the jury on voluntary manslaughter and in denying the petitioner's motion to set aside the verdict.  See SA 50-72, 105-06.[3]  The MAC rejected O'Neill's arguments and affirmed his conviction.  See SA 16-17.  O'Neill then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the SJC, citing state and federal constitutional provisions, and contending that the MAC erroneously affirmed his conviction despite the improper:  (1) admission of the victim's email; (2) closing argument by the prosecutor referencing an email and "fictitious argument" between O'Neill and the victim; and (3) the prosecutor's appeals to the jurors' sympathies in the closing argument.  See SA 242-58.  O'Neill failed to include a request for appellate review of the trial court's refusal to instruct the jury regarding voluntary manslaughter, id.; yet, he bases his petition to this court for habeas relief, in part, on this same refusal to instruct regarding voluntary manslaughter.  See Docket #1, p.6.  O'Neill did not

---

[3] The Supplemental Answer, or "SA," was filed manually by the Respondent on April 24, 2013. See Docket #29.

therefore exhaust the voluntary manslaughter claim before the state courts, and his petition is mixed.

Generally, if a petitioner files a "mixed petition," i.e., one that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust unexhausted claims. Rhines v. Weber, 544 U.S. 269, 274-75 (2005); see also Rose, 455 U.S. at 515, 520; Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004). However, a court may stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances," and application of this third option is appropriate only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. In the Interim Order, I found that these limited circumstances were not presented by O'Neill's petition.

Accordingly, in the Interim Order, I advised O'Neill that his petition was mixed,[4] and set October 18, 2013 as a deadline to voluntarily dismiss the unexhausted claim. I advised O'Neill of the consequences of the continuing failure to comply with the exhaustion requirement: "If O'Neill fails to timely voluntarily dismiss his unexhausted claim, then his petition in its entirety will be dismissed." See Docket #47. Unfortunately, O'Neill has taken no steps to comply with the Interim Order and Section 2254's exhaustion requirement. His petition should therefore be dismissed in its entirety.

Additionally, in the Interim Order, I advised O'Neill that his failure to sign his habeas petition was a violation of Rules 2(c)(5) and 2(d) of the Rules Governing Section 2254 Cases in

---

[4]   O'Neill had been previously warned regarding his unexhausted claim, beginning in April 2013 with the Respondent's Motion to Dismiss, and in my June 5, 2013 Order. See Docket #39.

the United States District Courts (providing that petitions must "be signed under penalty of perjury by the petitioner" or by another properly authorized person, and "must substantially follow" standard form, which form calls for signature under penalty of perjury).  See Docket #47.  I ordered him to comply with the rules and sign his petition "under the penalty of perjury" on or before October 18, 2013, or face a recommendation that his petition be dismissed.  Id.  O'Neill has failed to comply with this simple order as well.  The failure to sign his petition also subjects his petition to dismissal in its entirety.

## CONCLUSION

For the foregoing reasons, I recommend that O'Neill's petition for habeas relief pursuant to 28 U.S.C. § 2254 be dismissed.[5]

>    /s/David H. Hennessy
>    David H. Hennessy
>    United States Magistrate Judge

---

[5]  The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).